Filed 8/5/14  In re L.R. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re L.R. et al., Persons Coming Under the Juvenile Court Law. | B253123 (Los Angeles County Super. Ct. No. CK89121) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.S.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Carlos E. Vasquez, Judge.  Dismissed.

David A. Hamilton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Father L.R. and appellant mother G.S. were arrested in July 2011 when police executed a search warrant at their home in connection with father's selling of methamphetamine. Appellant mother was released the day after her arrest. Father, on the other hand, apparently remained in custody from his arrest until his release from prison in August 2013 and later deportation from the United States as an undocumented alien. Following mother and father's arrest, respondent Los Angeles County Department of Children and Family Services filed on July 28, 2011, a petition under Welfare and Institutions Code section 300[1] alleging that the couple's then 17-month-old son L.R. and 6-month-old daughter R.R. were at risk of harm from father's possession in the family home of one-half pound of methamphetamine and two loaded handguns. Both children were detained.

On September 20, 2011, the dependency court sustained the petition. The court ordered mother and father to participate in parenting classes and drug awareness programs. The court also ordered monitored visitation for both parents with the minors, with discretion to liberalize. At the six-month review hearing in April 2012, the court found father's progress in correcting the problems that led to the children's removal from the family home had been "minimal." Mother, on the other hand, had maintained regular contact and visitation with the children and was making progress in resolving the problems that led to the children's removal. The court found there was a substantial probability of returning the children to mother's custody.

On July 25, 2012, police arrested mother for armed robbery. In August 2012, mother was sentenced on the robbery charge to two years in state prison, plus two additional years to be served consecutively for violating probation. The next month in September 2012, the dependency court granted de facto parental status to the children's foster parents, who had cared for both children for most of the time since their detention. The dependency court also granted the foster parents the right to make educational decisions for each child, both of whom had been identified as having disabilities. At the

---

[1] All further section references are to the Welfare and Institutions Code.

12-month review hearing in November 2012, respondent recommended termination of parental rights. The court rejected the recommendation, however, based on the court's finding that respondent had not made reasonable efforts to enable the children's return to parental custody.

At the next review hearing on July 22, 2013, the court found mother and father had not maintained regular and consistent contact and visitation with the children. The court additionally found that mother and father had not demonstrated the capacity and ability to complete the objectives of their treatment plan. Finding no substantial probability the children could be returned to either parent within six months, the court terminated family reunification services and set a selection and implementation hearing for November 18, 2013, with the recommended plan being termination of parental rights and adoption by the foster parents (§ 366.26).

On August 9, 2013, mother lodged with the court her notice of intent to file a writ petition challenging the setting of the selection and implementation hearing. The court clerk marked the notice as "received" but did not accept it for filing because it was late; mother should have filed her notice by July 29, 2013. Mother also filed that day her notice of appeal from the court's order setting the selection and implementation hearing, which the court also marked as "received" but did not accept for filing.

One month later on September 9, 2013, mother filed a petition under section 388 requesting modification of the court's order setting the selection and implementation hearing and anticipated order to terminate parental rights. Her petition alleged she had fully complied with respondent's case plan for her. She alleged as a change in circumstance her eligibility for a "mother infant program," which she described as a "structured program" offering counseling and guidance in parenting skills and vocational training. Her petition stated that changing the court's order was in her children's best interests because "I believe if the judge allow[s] family reunification with a biological parent it would be in the best interest of my children. This would devastate my entire family if my children were adopted. I am willing to be a law abiding productive citizen and teach my children positive things."

3

On October 9, 2013, the court summarily denied mother's section 388 petition without a hearing. The court's order stated the petition did not offer new evidence or a change in circumstances that established that changing the court's order was in the children's best interests.

On November 6, 2013, mother filed a handwritten document and a petition for habeas corpus which asserted the court had violated her rights by not granting her section 388 petition. In these documents, mother stated she had been taking parenting and self-improvement classes in prison. She also stated the case social worker had not brought the children to visit mother in prison, but had instead sent only photographs of them. Mother requested appointment of counsel to pursue an appeal from the court's denial of her section 388 petition with the goal of reinstating reunification services, or, alternatively, placement of the children with a guardian selected by mother instead of termination of her parental rights.

On December 20, 2013, we appointed counsel to represent mother. On April 1, 2014, appellate counsel filed an opening brief stating he could find no arguable issues for appeal. (*In re Phoenix H.* (2009) 47 Cal.4th 835.) Upon counsel's filing of his brief, the clerk of this court sent a letter to mother informing her she had 30 days to file a letter or brief if she wished to raise points for this court to consider.

On April 15, 2014, mother filed a letter brief stating the dependency court had erred in denying her section 388 petition because mother (1) is an American citizen; (2) she "depended on social worker to maintain contact with the children, who are toddlers"; (3) she "did not receive feed back from social worker (only twice) never had a visit or phone call with her children"; (4) she "continued to complete the necessary classes . . . to reunite with her children"; (5) she "did not receive a fair hearing nor due process [because] she none of her completions are acknowledge[d]"; (6) she "has outside support from Amistad who help female parolees with children including her family"; and, (7) she "is prepared to provide a safe environment for her children."

Section 388 permits a parent to petition the juvenile court to change a previous order when the change would be in a child's best interests. Section 388, subdivision (a)

provides: "Any . . . person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made . . . ." For a petition to succeed, a parent must present new evidence or circumstances that justify modifying a court's prior order. (*In re B.D.* (2008) 159 Cal.App.4th 1218, 1228; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806-807.) In deciding whether to hold a full hearing on a section 388 petition, the juvenile court may choose to summarily deny the petition without a hearing if the court finds that the "petition . . . fails to state a change of circumstances or new evidence that may require a change of order or termination of jurisdiction or, that the requested modification would promote the best interest of the child." (Cal. Rules of Court, rule 5.570(d).) Our review of the record has found no arguable issues for appeal.

## DISPOSITION

The appeal from the juvenile court's order denying mother's petition under section 388 is dismissed.

RUBIN, J.

WE CONCUR:

BIGELOW, P.J.                                                    FLIER, J.

5